UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-P53-M

**JOHN T. BAILEY**                                                                                                 **PLAINTIFF**

**v.**

**CITY OF FRANKLIN**
**FRANKLIN POLICE DEPARTMENT**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff filed this civil action against the City of Franklin and its police department. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to set forth a cognizable cause of action, the court will dismiss the complaint in its entirety.

**I. Summary of Claims**

The plaintiff, John T. Bailey, is currently confined at the Roederer Correctional Complex but initiated this civil action due to events that occurred while he was in Simpson County, Kentucky. He alleges that unidentified officers with the police department used excessive force when effecting his arrest on April 29, 2004. He claims that he suffered injuries as a result of this encounter.

**II. Analysis**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Though not explicitly stated, it appears that this plaintiff is seeking relief by way of 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by a state actor.

Here, the plaintiff's complaint fails for two fundamental reasons. To the extent that he seeks to sue the Franklin Police Department, he has sued an entity that is not subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citations omitted). Rather, such claims must be asserted against the municipality itself, which in this case is the City of Franklin. *Id.*

To hold a municipality liable, here the City of Franklin, a plaintiff must allege that his constitutional injury resulted from a policy or custom of the municipality. *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). The policy or custom "must be 'the moving force of the constitutional violation.'" *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)). Simply stated, a plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), *cert. denied*, 510 U.S. 1177 (1994). Here, the plaintiff failed to establish such a policy or custom or connect either to the particular injury he claims to have sustained. Accordingly, this court concludes that the complaint fails to set forth a cognizable claim, and the action must be dismissed.

The court will enter an order that is consistent with this memorandum opinion.

Date:

cc: Plaintiff *pro se*
    4414.002